UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22396-GAYLES/Elfenbein

**MATTHEW ROBERT ELMORE**,

    Plaintiff,

v.

**INTERNAL REVENUE SERVICE**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Plaintiff Matthew Robert Elmore's Complaint ("Complaint"), ECF No. [1]; his Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), ECF No. [3]; and his Motion for Referral to Volunteer Attorney Program ("Motion for Referral"), ECF No. [5]. The Honorable Darrin P. Gayles referred this motion to me "for a ruling on all pretrial non-dispositive matters and a report and recommendation on all dispositive matters." ECF No. [8]. After reviewing the pleadings, record, and relevant law, I recommend that the IFP Motion, **ECF No. [3]**, be **GRANTED**; the Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to § 1915(e)(2)(i)–(iii); and the Motion for Referral, **ECF No. [5]**, be **DENIED as moot**.

**I.**     **BACKGROUND**

In the Complaint, Plaintiff sues Defendant Internal Revenue Service (the "IRS"). *See* ECF No. [1] at 2. The Complaint, which is contained on the Court's "Complaint for a Civil Case" form, indicates that the basis for jurisdiction is a federal question and that Plaintiff "need[s] all tax returns" from Defendant. *See* ECF No. [1] at 1–2. In the section where Plaintiff can give a

statement of his claim, he wrote one incomplete sentence: "I need all of my tax returns from." *See* ECF No. [1] at 4.  The only other information included on the form complaint is Plaintiff's address in South Carolina and his answer that he does not request a jury trial.  *See* ECF No. [1] at 1.  Along with the Complaint, Plaintiff submitted a civil cover sheet that describes his cause of action as "not receiving my tax info!" and demands $100,000,000.  *See* ECF No. [1-1].

In the IFP Motion, which is contained on the Court's "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," Plaintiff signed the affidavit averring that he is "unable to pay the costs of these proceedings."  *See* ECF No. [3] at 1.  In the tables given for Plaintiff to list income, assets, cash savings, employment history, dependents, expenses, and debts owed to him or his spouse, he wrote the number zero at the top of each column and drew a vertical line through the rest of the column's boxes.  *See* ECF No. [3] at 1–5.  He checked a box indicating that he does not expect any major changes to his income, expenses, assets, or liabilities in the next twelve months.  *See* ECF No. [3] at 5.  He also checked a box indicating that he has not spent and will not spend any money for attorney's fees in this case.  *See* ECF No. [3] at 5.

Finally, in the Motion for Referral, which is on the Court's "Motion for Referral to Volunteer Attorney Program" form, Plaintiff avers that he is representing himself and has filed an IFP Motion.  *See* ECF No. [5] at 1.  He requests the Court refer him to the Volunteer Attorney Program, and he acknowledges that it "will be up to volunteer attorneys, not the Court, to determine whether they wish to represent" him.  *See* ECF No. [5] at 1.  Plaintiff signed the form and included a Miami address.  *See* ECF No. [5] at 1.

**II.   LEGAL STANDARDS**

In most situations,[1] a plaintiff who initiates a civil action in this District must pay a filing

---

[1] For an application for a writ of habeas corpus, the filing fee is $5.  *See* 28 U.S.C. § 1914(a).

fee of $405.  *See* 28 U.S.C. § 1914(a); *Flannery v. USAA Gen. Indem. Co.*, No. 24-cv-14390, 2024 WL 5485793, at *1 (S.D. Fla. Dec. 23, 2024); Court Fees, U.S. Dist. Ct. for S.D. Fla., https://www.flsd.uscourts.gov/court-fees (last visited June 30, 2025).  A plaintiff can avoid paying the filing fee by including along with his complaint a motion to proceed *in forma pauperis* ("IFP"). *See, e.g.*, 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).  A plaintiff moving to proceed IFP must submit "an affidavit that includes a statement of all assets" the plaintiff possesses, a statement "that the person is unable to pay" the filing fees, "the nature of the action," and the "affiant's belief that" he "is entitled to redress."  *See* 28 U.S.C. § 1915(a)(1).[2]

If a plaintiff files a motion to proceed IFP and submits the required affidavit, the court must first determine whether "the statements in the affidavit satisfy the requirement of poverty" such that the "affidavit is sufficient on its face to demonstrate economic eligibility."  *See Martinez*, 364 F.3d at 1307 (quotation marks omitted).  An "affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915."  *Id.* (quotation marks omitted).  "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Id.* (footnote omitted).

If the affidavit is facially sufficient, the court should "docket the case and then proceed to the question of whether the asserted claim is frivolous."  *Id.* (alteration adopted, quotation marks

---

[2] Though the plain language § 1915 appears to make its provision applicable only to prisoners, "the affidavit requirement applies to all persons requesting leave to proceed IFP."  *Martinez*, 364 F.3d at 1306; *see alsoMoon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the in forma pauperis (IFP) statute, 28 U.S.C. sec. 1915 *et seq.*, which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

omitted); *see also* 28 U.S.C. § 1915(e)(2)(i) (instructing that a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious,"). A claim is frivolous if it "realistically has no better than a slight chance of success" or "lacks an arguable basis" in law or "in fact, for example, [by] asserting fantastic facts." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.1 (11th Cir. 1990).

Section 1915(e) also requires the court to dismiss a complaint that "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(ii). To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted).

Finally, § 1915(e) requires the court to dismiss a complaint that "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(iii). "The United States and its agencies are immune from suit unless Congress unequivocally waives that immunity by statute." *Stone v. Comm'r of Internal Revenue*, 86 F.4th 1320, 1327 (11th Cir. 2023) (quotation marks omitted). "The IRS, as an agency of the United States, cannot be sued absent a waiver of sovereign immunity." *Galvez v. IRS*, 448 F. App'x 880, 884 (11th Cir. 2011). "[T]he plaintiff bears the burden of establishing subject matter jurisdiction, and, thus, must prove an explicit waiver of immunity." *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007)

(citation omitted).

"[A] waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Congress has waived sovereign immunity as to claims against the IRS in certain circumstances, such as under specific provisions of the Bankruptcy Code, *see United States v. Miller*, 145 S. Ct. 839, 853–54 (2025); 11 U.S.C. § 106(a)(1); when a taxpayer seeks to recover taxes he says were erroneously or illegally assessed or collected and has complied with "two jurisdictional prerequisites," *see Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015); 28 U.S.C. § 1346(a)(1); or when "an IRS employee acts unlawfully in the collection of federal tax," *see Dean v. United States*, 861 F. App'x 349, 352 (11th Cir. 2021); 26 U.S.C. § 7433(a). Congress has not, however, waived sovereign immunity as to all claims against the IRS. *See, e.g.*, *Miller*, 145 S. Ct. at 856 (noting no waiver of sovereign immunity "for whatever state-law claim supplies the 'applicable law' for a [bankruptcy] trustee's [11 U.S.C.] § 544(b) claim"); *Makozy v. Zimmerer*, 850 F. App'x 722, 724 (11th Cir. 2021) (noting the Federal Tort Claims Act does not waive the IRS' immunity for "claims arising from the assessment or collection of any tax").

And, of course, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837. And while "*pro se* pleadings are liberally construed and federal courts should look beyond the label of the pleadings to determine whether they are properly characterized, a court may not serve as *de facto* counsel for a party or rewrite a pleading." *United States v. Cordero*, 7 F.4th 1058, 1068 (11th Cir. 2021) (citations and quotation marks omitted).

**III. DISCUSSION**

As explained above, evaluating a non-prisoner complaint when the plaintiff has filed a motion to proceed IFP instead of paying the filing fee is a two-step process. First, the Court must determine whether the statements in the IFP affidavit facially satisfy the requirement of poverty and demonstrate economic eligibility. *See Martinez*, 364 F.3d at 1307. Second, for those plaintiffs who satisfy the first step, the Court must screen the complaint to ensure that it is not frivolous or malicious, does not fail to state a claim, and does not seek monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff has satisfied the first step here. He signed the IFP affidavit averring he is "unable to pay the costs of these proceedings" and he noted on it that he has no income, assets, cash savings, employment history, dependents, expenses, or debts owed to him or his spouse. *See* ECF No. [3] at 1–5. He also checked a box indicating that he does not expect any major changes to his income, expenses, assets, or liabilities in the next twelve months. *See* ECF No. [3] at 5. Although Plaintiff failed to include details to "help explain why" he "cannot pay the costs of these proceedings," *see* ECF No. [3] at 5, the information Plaintiff did provide sufficiently establishes that, because of his poverty, he is unable to pay for the court fees and costs, *see Martinez*, 364 F.3d at 1307. Accordingly, the IFP Motion, **ECF No. [3]**, should be **GRANTED**.

Moving to the second step, the Court must decide if the Complaint is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). The Complaint is due to be dismissed under all three provisions.

First, the Complaint is frivolous. As already noted, a claim is frivolous if it realistically has no better than a slight chance of success or lacks an arguable basis in law or fact. *See Clark*,

915 F.2d at 640 n.1. Those descriptors certainly fit the Complaint, which does not articulate the legal theory behind Plaintiff's request for his tax returns or identify the source of law that allows him to seek those tax returns through a federal district court lawsuit.[3] *See* ECF No. [1] at 1–2, 4; ECF No. [1-1]. Indeed, the only information the Complaint provides is that Plaintiff has "not receiv[ed his] tax info," needs "all tax returns," and demands $100,000,000. *See* ECF No. [1] at 1–2, 4; ECF No. [1-1]. Even though Plaintiff is acting *pro se*, and the Court construes *pro se* pleadings liberally, *see Hughes*, 350 F.3d at 1160, the Court will not rewrite the Complaint to save it, *see, e.g., Cordero*, 7 F.4th at 1068 n.11. Because the Complaint lacks an arguable basis in law, it is due to be dismissed under § 1915(e)(2)(i) as frivolous.

Second, the Complaint fails to state a claim on which relief may be granted. Liberally construed, the Complaint meets the first and third requirements of Rule 8(a). It asserts the Court has federal question jurisdiction by checking that box on both the standard Long Form complaint and the civil cover sheet. *See* ECF No. [1] at 3; ECF No. [1-1]; Fed. R. Civ. P. 8(a)(1). And though it omits the relief sought from the Long Form complaint, it includes a demand for $100,000,000 on the civil cover sheet. *See* ECF No. [1] at 4; ECF No. [1-1]; Fed. R. Civ. P. 8(a)(3). But even liberally construed, the Complaint fails to include a short and plain statement of a claim showing Plaintiff is entitled to relief. *See generally* ECF No. [1]; ECF No. [1-1]; Fed. R. Civ. P. 8(a)(2).

As noted, the Complaint alleges only that Plaintiff has not received his tax returns. *See* ECF No. [1] at 1–2, 4; ECF No. [1-1]. It does not explain the legal theory supporting his request for those tax returns, the legal authority permitting a lawsuit to get the tax returns, or the waiver of sovereign immunity authorizing him to sue the IRS — which is immune from suit under many

---

[3] Cutting against the idea that there is any such legal authority to bring a federal lawsuit in this context, the IRS makes copies of tax returns available if a taxpayer submits a "Form 4506" and $50 per copy requested. *See* Routine Access to IRS Records, https://www.irs.gov/privacy-disclosure/routine-access-to-irs-records (last visited June 30, 2025). No lawsuit or Freedom of Information Request is required. *See id.*

7

legal theories, particularly where a plaintiff has not first sought administrative relief. *See generally* ECF No. [1]; ECF No. [1-1]; *Miller*, 145 S. Ct. at 853–56; *Makozy*, 850 F. App'x at 724; *Lawrence*, 597 F. App'x at 602. Put simply, the Complaint is clear about what Plaintiff wants, but it offers no details about what facts or law support his entitlement to get it.

Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. Because the Complaint fails to comply with Rule 8 even under a broad reading, *see* Fed. R. Civ. P. 8(a)(2), and because the Court cannot rewrite the Complaint to save it, *see Cordero*, 7 F.4th at 1068 n.11, it is due to be dismissed under § 1915(e)(2)(ii) for failing to state a claim.

Third, Plaintiff has not met his burden of demonstrating the IRS has waived its immunity in the context of his lawsuit. *See Ishler*, 237 F. App'x at 398. Defendant IRS is without doubt an agency of the United States due sovereign immunity absent an unequivocal waiver, *see Stone*, 86 F.4th at 1320; *Galvez*, 448 F. App'x at 884, but it is not absolutely immune from monetary relief, *see Dean*, 861 F. App'x at 352. Instead, whether it is immune depends on, among other things, the type of claim asserted (and sometimes whether a plaintiff has met certain jurisdictional prerequisites). *See Miller*, 145 S. Ct. at 853–56; *Dean*, 861 F. App'x at 352; *Makozy*, 850 F. App'x at 724; *Lawrence*, 597 F. App'x at 602.

As explained, the Complaint does not make clear what cause of action Plaintiff asserts against the IRS, *see generally* ECF No. [1]; ECF No. [1-1], so the Court cannot discern whether the IRS can be sued for money damages under Plaintiff's legal theory. Plaintiff bears the burden of proving "an explicit waiver of immunity," *Ishler*, 237 F. App'x at 398, which the Complaint does not do, *see generally* ECF No. [1]; ECF No. [1-1]. And the Supreme Court has made clear that waivers of sovereign immunity must be "strictly construed, in terms of its scope, in favor of

the sovereign," *see Blue Fox, Inc.*, 525 U.S. at 261, which means the Court cannot construe Plaintiff's *pro se* pleading liberally on the immunity issue, *see Hughes*, 350 F.3d at 1160. Because the Complaint does not show an explicit waiver of the IRS' immunity, it is due to be dismissed under § 1915(e)(2)(iii) for seeking monetary relief against a defendant immune from that relief.

In sum, I respectfully **RECOMMEND** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(i)–(iii). And because I recommend dismissing the Complaint, I also respectfully **RECOMMEND** Plaintiff's Motion for Referral to Volunteer Attorney Program, **ECF No. [5]**, be **DENIED AS MOOT**.

IV. **CONCLUSION**

For the above reasons, I respectfully **RECOMMEND** that**:**

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, be **GRANTED**.

2. Plaintiff's *pro se* complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(i)–(iii).

3. Plaintiff's Motion for Referral to Volunteer Attorney Program, **ECF No. [5]**, be **DENIED AS MOOT**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, before the Honorable Darrin P. Gayles. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 3, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Matthew Robert Elmore**
Etters Lane
Cassatt, SC 29032
*PRO SE*