UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 25-CV-22396-GAYLES/ELFENBEIN

**MATTHEW ROBERT ELMORE,**

    Plaintiff,

v.

**INTERNAL REVENUE SERVICE,**

    Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on the Report and Recommendation of Magistrate Judge Marty Fulgueira Elfenbein (the "Report"). [ECF No. 9]. On May 27, 2025, Plaintiff Matthew Robert Elmore ("Plaintiff") filed his Complaint, [ECF No. 1], and Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"), [ECF No. 3]. On June 13, 2025, Plaintiff filed his Motion for Referral to Volunteer Attorney Program ("Motion for Referral"). [ECF No. 5].

Pursuant to Southern District of Florida Administrative Order 2025-11, Plaintiff's *pro se* case was assigned to Magistrate Judge Elfenbein for timely and efficient resolution. [ECF No. 4]. On July 2, 2025, Judge Elfenbein ordered the Court Clerk to re-assign the case to a United States District Judge while Judge Elfenbein remained assigned to the case. [ECF No. 6]. On the same day, the case was reassigned to this Court. [ECF No. 7]. On July 3, 2025, this Court referred the case to Judge Elfenbein for a ruling on all pretrial non-dispositive matters a report and recommendation on all dispositive matters. [ECF No. 8].

On July 3, 2025, Judge Elfenbein issued her Report which recommended that Plaintiff's IFP Motion be granted, and that Plaintiff's Complaint be dismissed for failure to state a claim for which relief could be granted. [ECF No. 9 at 6–7]. In particular, Judge Elfenbein noted that the Complaint failed to "explain the legal theory supporting [Plaintiff's] request for [his] tax returns, the legal authority permitting a lawsuit to get the tax returns, or the waiver of sovereign immunity authorizing him to sue the IRS[.]"[1] *Id*. at 7. Judge Elfenbein also determined that Plaintiff's statement of claim, "I need all of my tax returns from[,]" was frivolous and "lack[ed] an arguable basis in law[.]"[2] *Id*. at 2, 7 (internal quotation omitted). As a result, Judge Elfenbein recommended dismissing the action without prejudice. *Id*. at 9. Considering her dismissal recommendation, Judge Elfenbein also recommended denying Plaintiff's Motion for Referral as moot. *Id*. No party has objected to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). The objected portions of the report and recommendation are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Given that Plaintiff has not objected to any portion of the Report, the Court

---

[1] Agencies of the United States "are immune from suit unless Congress unequivocally waives" their immunity. *Stone v. Comm'r of Internal Revenue*, 86 F.4th 1320, 1327 (11th Cir. 2023) (internal quotation omitted). Without an immunity waiver, "[t]he IRS . . . cannot be sued." *Galvez v. IRS*, 448 F. App'x 880, 884 (11th Cir. 2011). "[T]he plaintiff bears the burden of . . . prov[ing] an explicit waiver of immunity." *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007).
[2] Plaintiff's Statement of Claim is one incomplete sentence. [ECF No. 1 at 4].

reviewed the Report for clear error. Finding no clear error, the Court agrees with Judge Elfenbein's findings and conclusion that the case should be dismissed without prejudice.

## CONCLUSION

Therefore, it is **ORDERED AND ADJUDGED** as follows:

(1) The Report and Recommendation, [ECF No. 9], is **ADOPTED in full**;

(2) Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, [ECF No. 3], is **GRANTED**.

(3) This action is **DISMISSED** without prejudice and **ADMINISTRATIVELY CLOSED**. Plaintiff may file an amended complaint by August 22, 2025.

(4) Plaintiff's Motion for Referral to Volunteer Attorney Program, [ECF No. 5], is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of July 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE